# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUGUSTO COELLO, | : | |
| *as Administrator of the Estate of* | : | |
| DENNIS OMAR ARGUETA, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:13-534 |
| v. | : | (JUDGE MANNION) |
| FRAC TECH SERVICES, LLC, | : | |
| *et al.,* | : | |
| Defendants | : | |
| | : | |

## MEMORANDUM

Presently before the court is the defendant's motion to dismiss the plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). (Doc. No. 7; Doc. No. 15). The defendants seek dismissal of the plaintiff's claims for punitive damages only, admitting the plaintiff's complaint is sufficient to support a claim of negligence. (Id.) Although both defendants filed separate motions to dismiss, the motions are essentially identical and raise the same arguments.

## I. BACKGROUND

As the instant motion is related solely to the issue of punitive damages, only the necessary background facts will be discussed. This case arises out of a car accident between defendant Cameron J. Downey, an employee of defendant Frac Tech Services, LLC ("Frac"). (Doc. No. 1, ¶10-11). Starting on Sunday, October 9, 2011, Mr. Downey began his work week. (Id., ¶17). Between October 9 and 12, the date of the accident, he was on the clock for as many as 60 hours, working on sites, traveling between jobs, and attending a conference. (Id., ¶16). As part of his job, he drives approximately two hours between Williamsport and a work site just off Pennsylvania State Route 267

(SR-267). (Doc. No. 11, Exh. A). On October 11 and 12, Mr. Downey worked at the SR-267 site from 6:00 PM (10/11) until 4:30 AM (10/12), then departed the site, arriving in Williamsport for a conference at approximately 6:00 AM. (Id.). The conference ended at 9:30 AM and he arrived at his home at 10:00 AM and slept for three hours, waking up at 1:30 PM. (Id.). He arrived at the truck yard in Williamsport at 2:30 PM. (Id.). Sometime between 3:00 and 4:00 PM he departed in Frac's 2007 Chevrolet 1500 pickup truck and proceeded back to his work site off SR-267. (Id.).

Around 6:00 PM, the deceased, Denis Omar Argueta, and his brother, Jose Argueta, were driving a 1999 Chevrolet Cavalier southbound on SR-267, while Mr. Downey was driving northbound on the same route. (Doc. No. 1, ¶8-10). Mr. Downey fell asleep at the wheel and his truck crossed over the double yellow center lines dividing the opposing traffic. (Id. ¶14). The two cars collided head on; Omar Argueta died from his injuries, while Jose Argueta survived the crash. (Doc. No. 11, Exh. A).

## II.   PROCEDURAL HISTORY

This action was commenced on February 23, 2013, when the plaintiff, the Administrator of the Estate of Denis Omar Argueta, filed this complaint, alleging wrongful death and a survival action, seeking compensatory and punitive damages. (Doc. No. 1). Defendants filed motions to dismiss on April 29, 2013,[1] (Doc. No. 7; Doc. No. 15), and the plaintiff filed briefs in opposition on May 14, 2013. (Doc. No. 11; Doc. No. 17).

---

[1]The plaintiff originally filed separate suits against the driver and the defendant company, but were consolidated into the instant action on May 31, 2013 by this court. (Doc. No. 15).

2

## III. STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached]

3

documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV. DISCUSSION

Pennsylvania law allows punitive damages when a defendant has an evil motive or reckless indifference to the rights of others; such damages are available only when the "defendant's actions are so outrageous as to demonstrate willful, wanton, or reckless conduct." *Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005)(quoting *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)). This type of damage is not compensatory in nature, but is meant "to heap an additional punishment on a defendant who is found to have acted in a fashion which is particularly egregious." *Phillips v. Cricket Lighters*, 883 A.2d 439, 446 (Pa. 2005). To establish a claim for punitive damages the evidence must be sufficient to show that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act . . . in conscious disregard of that risk." *Hutchinson*, 870 A.2d at 772.

Both parties point this court to *Burke v. Maassen*, 904 F.2d 178 (3d Cir. 1990), a case that reversed a denial of a judgment N.O.V. on punitive damages. Although that case was decided before the Pennsylvania Supreme

4

Court adopted the *Hutchinson* standard, the Third Circuit correctly predicted how the Pennsylvania Supreme Court would decide the issue, citing to Justice McDermott's concurring opinion in *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1101 (Pa. 1985). *Burke*, 904 F.2d at 183. Although the language of *Hutchinson* requires a "subjective appreciation of the risk of harm," the same court previously stated wanton conduct requires an actor to disregard either a risk that is known or one that is so obvious he "must be taken to have been aware of it, and [the risk is] so great as to make it highly probable that harm would follow." *Fugagli v. Camasi*, 229 A.2d 1, 3 (Pa. 1967)(quoting *Evans v. Phila. Trans. Co.*, 418 Pa. 567, 574 (Pa. 1965)).

In *Burke*, the defendant was driving a tractor-trailer for over fourteen hours when he crashed into a man on the shoulder of the Pennsylvania Turnpike. 904 F.2d at 179. While the driver was aware he was violating a federal regulation prohibiting driving a truck for more than ten hours, he did not know the reasoning behind the regulation or the harm that it was meant to prevent. *Id.* at 183. The Third Circuit determined there was insufficient evidence from which a jury could find that the defendant-driver "appreciated the risk of fatigue and the potential for fatal accidents that [accompany] driving for more than ten hours." *Id.* The court noted that evidence of the defendants' knowledge, such as an acknowledgment that the rule was "to prevent fatigue and accidents" or that his employer told him the regulation was to prevent accidents caused by fatigue, could be sufficient to meet the plaintiff's burden. *Id.* at 183 fn. 5. Although *Burke* is instructive as to what evidence would sustain a jury verdict for punitive damages, it does not touch on what factual allegations are required to survive a motion to dismiss. *See Burke*, 904 F.2d at 183-84 ("The district court erred in denying Maassen's . . . [and] Malone's

5

motion[s] for judgment N.O.V.").

The crux, as tangentially noted in *Burke*, is whether the complaint contains sufficient facts to demonstrate that discovery would reveal evidence that the defendants had an subjective appreciation of the risk of a car accident created by Mr. Downey's sleep deprivation. Here, the plaintiff alleges that Mr. Downey worked for as many as 60 hours in the days leading-up to the accident and had work duties nineteen out of the prior twenty-four hours before the incident. (Doc. No. 1, ¶16). Mr. Downey's job required him to drive two hours from Williamsport to his work site, several additional hours to attend conferences, and nearly forty minutes to get to his home or hotel at night. (Doc. No. 11, Exh. A). His supervisor stated he worked from 6:00 PM on October 11 until at least 9:30 AM on October 12, and was back at work around 2:30 PM. (Doc. No. 1, ¶16). Mr. Downey admits to falling asleep at the wheel at the time of the accident. The plaintiff alleges that Mr. Downey "knew or should have known that he posed a high risk of harm to others by driving *with sleep deprivation*." (Id., ¶19)(emphasis added). The plaintiff additionally claims that Frac "knew or should have known that its employee posed a high risk of harm to other by driving *with sleep deprivation*" because of Mr. Downey's 60-hour work schedule over the previous four days and his nineteen hours of work leading up to the accident. (Doc. No. 1, ¶20)(emphasis added).

"[T]he determination of whether an individual was reckless inherently involves a fact-finding inquiry." *Mulholland v. Gonzalez,* 2008 WL 5273588, *3 (E.D. Pa. 2008). Given that "[t]he state of mind of the actor is vital," *Hutchinson,* 870 A.2d at 770, "[i]t would be premature to dismiss this claim when the complaint has alleged sufficient facts that, if proven, could establish

6

the necessary recklessness for a punitive damages award." *LaMaze v. Vidov Trucking, Inc.,* 2009 WL 650371, *4 (E.D.Pa. 2009). "Although the facts may later prove at most that the defendants were merely negligent," the allegations and factual assertions regarding what the defendants knew or should have known is sufficient to sustain the claim at this juncture. *Young v. Westfall,* 2007 WL 675182, *2 (M.D.Pa. 2007); see *Burke,* 904 F.2d at 183 fn. 5 (discussing various types of evidence that would be sufficient to show defendants' knowledge of the risk of harm created by a dangerous activity).

As there are factual allegations regarding both defendants' knowledge of the dangers of driving with sleep deprivation caused by an intense work schedule, discovery is necessary.

## V.   CONCLUSION

Therefore, the plaintiffs' motions to dismiss will be **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: October 10, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-0534-01.wpd

7